JOHN F. SIMMONS & others *vs.* ERASTUS WORTHINGTON, JR. & another.

Suffolk. December 13, 1897. — January 8, 1898.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Sale on Execution of Franchise relating to Receiving of Toll — Statute — Railroad.*

A judgment creditor of the Plymouth County Railroad Company, chartered by St. 1892, c. 151, and organized in the same year, no part of which has been built, may cause an execution issued on the judgment to be levied upon the franchise of the corporation so far as it relates to receiving of toll and the franchise to be sold, under Pub. Sts. c. 105, § 31.

BILL IN EQUITY, to enjoin a sale of the franchise of the Plymouth County Railroad Company on execution, under the provisions of Pub. Sts. c. 105, § 31. Hearing before *Knowlton*, J., who reported the case for the determination of the full court. The facts appear in the opinion.

*J. F. Simmons,* (*W. B. Grant* with him,) for the plaintiffs.

*R. M. Saltonstall,* (*G. M. Cushing* with him,) for the defendants.

BARKER, J.   The Plymouth County Railroad Company was chartered by St. 1892, c. 151, and was organized in April, 1892. No part of the railroad has been built.   The defendant Worthington is a judgment creditor of the corporation, and has caused the other defendant, who is a deputy sheriff, to levy an execution, issued on the judgment, upon the franchise of the corporation so far as relates to receiving of toll, and he proposes to sell the same upon the execution under the provisions of Pub. Sts. c. 105, §§ 31 *et seq.*   This bill was brought to enjoin the sale, and the question for decision is whether an attachment and sale of the franchise in the manner proposed is authorized by law.

In our opinion it is so authorized.   By the first section of the charter the corporation is given all the powers and privileges set forth in the general railroad laws, except as afterward provided in the charter.   One of these powers and privileges is that of establishing tolls, set forth in Pub. Sts. c. 112, § 180.   There is no provision of the charter which interferes with this power or privilege.   The tenth section of the charter, (St. 1892, c. 151, § 10,) providing that " the said company shall not sell or assign its charter or the rights and privileges herein granted except as hereinbefore set forth," is immaterial to the present question, because the corporation is in no way an actor in the proposed sale.   That section merely prohibits sales and assignments by the corporation itself, except such as it may make with other railroad companies under the authority given by the sixth section of the charter.   The corporation is one which by force of its charter and the general railroad laws is " authorized to receive toll," which is the language used in Pub. Sts. c. 105, § 31, providing for such sales as that proposed.

It is contended that railroad corporations, although authorized by law to establish tolls, are not within the meaning of the provisions in question.   These provisions seem to have their origin in St. 1810, c. 131, added to by St. 1824, c. 121, and St. 1826, c. 116.   No railroad corporations were chartered here until the year 1825, when the Granite Railway Company was incorporated, with the right to demand and collect toll.   Between that time and the adoption of the Revised Statutes many railroad charters were granted, and in each is found a provision authorizing the corporation to take toll.   See Sts. 1829, c. 26,

§ 6; c. 93, § 10; c. 94, § 5; c. 95, § 5; 1830, c. 4, § 5; 1831, c. 27, § 10; c. 55, § 5; c. 56, § 5; c. 57, § 6; c. 72, § 6; 1832, c. 49, § 5; c. 80, § 5; c. 97, §§ 5, 6; 1833, c. 109, §§ 4, 5; c. 116, §§ 4, 5; c. 118, §§ 4, 5; 1835, c. 95, § 8; c. 111, § 4; c. 131, §§ 4, 5. The general provision to the same effect was first enacted in Rev. Sts. c. 39, § 83, and was continued in Gen. Sts. c. 63, § 112; St. 1870, c. 325, § 1; St. 1874, c. 372, § 179; and is now found in Pub. Sts. c. 112, § 180.

In adopting the Revised Statutes the Legislature brought into the same title this provision, authorizing railroad corporations to receive toll, and those authorizing the attachment upon mesne process, and the sale upon execution, or warrant of distress, of the franchises of corporations authorized to receive toll, so far as those franchises relate to receiving toll. In none of these statutes are railroad corporations expressly mentioned, but in all of them they are included in the plain meaning of the language used, and we have no doubt that they were intended to be, and are, within the statute. In *East Boston Freight Railroad* v. *Hubbard*, 10 Allen, 459, note, such a sale was held to confer a good title upon the purchaser.

It is also contended that, if the statute is intended to apply to railroad corporations, it is unconstitutional, because it compels a corporation, whose franchise so far as it relates to receiving toll has been sold upon execution, to continue to discharge its duties as before the sale. Pub. Sts. c. 105, § 37. But it is plain that the sale involves no taking of private property for public use. It is merely an application of the franchise of the corporation to the payment of its debt, and the constitutional provisions invoked have no application. An attachment and sale of the franchise in the manner proposed being authorized by law, and this being the only question in the case, the bill will be dismissed.

*Bill dismissed, with costs.*