LOUIS C. WILLIAMS *vs.* EAST WAREHAM, ONSET BAY, AND POINT INDEPENDENCE STREET RAILWAY COMPANY & others.

Suffolk.   January 24, 1898. — May 18, 1898.

Present: FIELD, C. J., ALLEN, KNOWLTON, LATHROP, & BARKER, JJ.

*Equity — Remedy at Law — Franchise relating to the Receiving of Toll — Attachment — Execution.*

A street railway company is a corporation authorized to receive toll within the meaning of Pub. Sts. c. 105, §§ 30–35.

A bill in equity by a judgment creditor, praying for the application of the earnings of a street railway company to the payment of his judgment, the appointment of a receiver, and an injunction to restrain an alleged creditor who has commenced an action from causing to be taken on execution the franchise or other property of the company which he has attached on mesne process, must be dismissed, as the remedy of the plaintiff is by a levy of his execution upon the franchise and the rights and privileges of the company thereunder " so far as [they] relate to the receiving of toll," and upon "all other corporate property real and personal," and a sale thereof pursuant to Pub. Sts. c. 105, §§ 31 *et seq.;* and if, after having levied the execution, the plaintiff or the purchaser at the sale contends that there is nothing justly due from the company to the alleged creditor who has brought suit against the company and attached its property, the plaintiff or such purchaser can proceed at law under Pub. Sts. c. 161, §§ 110 *et seq.*, to try the validity of the attachment.

BILL IN EQUITY, filed August 18, 1897, by a judgment creditor, praying for the application of the earnings of the defendant street railway company to the payment of his judgment, for the appointment of a receiver for that purpose, and for an injunction to restrain William M. Butler and Frederick L. Benson, two alleged creditors who had commenced actions, from causing to be taken on execution the franchise or other property of the company necessary to enable it to perform its public duties, all of which they had caused to be attached on mesne process.

The bill alleged that, on August 2, 1897, the plaintiff recovered judgment in an action brought against the defendant company for $2,014.53 damages and costs of suit. The next day an execution was issued on the judgment, and delivered to a deputy sheriff, who on August 14, 1897, returned to court thereon that there were no goods, chattels, or lands whereof he

could cause to be satisfied the judgment debt; and the judgment was still in force, and in no part satisfied.

On June 24, 1897, during the pendency of the plaintiff's action, the defendant Butler commenced an action in contract against the company, which was subsequently entered in court, and caused certain tangible personal property of the railway company to be attached, said property so attached being all the horses, harnesses, and tools then belonging to or possessed by the company, and also by the same writ attaching the franchise, and all the rights and privileges thereof of said company. This action was still pending.

On July 2, 1897, the defendant Benson brought an action in contract against the defendant company, which was subsequently entered in court. Benson caused the same tangible personal property to be attached that was attached on the writ in favor of Butler. These actions were both commenced after the verdict was rendered upon which the judgment in favor of the plaintiff against the defendant company was afterwards entered. Butler had been acting as counsel for the company, and Benson, when the bill was brought, was a director and manager thereof. There was no charge that their claims or either of them are fraudulent or dishonest, but the bill alleged that it was the intention of the defendant company to submit to judgments, and that it is the intention of attaching creditors " that the property so attached under color of said writs should be sold under color of executions to be issued upon judgments to be recovered by Butler and Benson, so that the street railway company would be without any means of carrying on its business, or of earning any profits by means thereof, in case proceedings should be instituted by the plaintiff for the application of the earnings to the satisfaction of his judgment." And that it is the further intention of the parties defendant that at such sale the property was to be purchased at a nominal price by and in the names of persons interested in and acting on behalf of the street railway company, upon an understanding that the company might use the same so long as there should be no such proceedings. The bill further alleged that, " in pursuance of said purpose and intention of the said parties," who were the defendants Butler and Benson, and the unrevealed persons " acting for and in behalf of the railway

company," with whom also must be joined the deputy sheriff making the attachment, " the property so attached by the said deputy sheriff, of which he retained possession, was placed by him in the custody of certain keepers who were servants of the street railway company, designated by said parties for that purpose, and the said street railway company, notwithstanding the said seizures and attachments, is continuing to use said property in its business as if no such attachment had been made."

The bill further alleged that the property attached was substantially all the personal property of the defendant company that is or can be used in its business, that its use was necessary to enable the defendant company to perform the public service for which it was incorporated, and that therefore the sale and transfer of the personal property by the company or under color of any execution or other process of law would be contrary to law and invalid; that the railway was receiving a large amount of earnings above all expenses, and inasmuch as the said street railway and franchise and other property could not be taken on execution, the earnings ought to be taken and sequestered by means of a receiver.

The defendants demurred to the bill, assigning as grounds therefor: 1. want of equity; 2. that the plaintiff had a plain and adequate remedy at law; 3. want of title and interest in the plaintiff; 4. multifariousness.

*A. B. Collins*, (*T. E. Grover* with him,) for the defendants.

*J. L. Thorndike & R. F. Sturgis*, for the plaintiff, submitted the case on a brief.

FIELD, C. J. We are of opinion that, on the facts stated in the bill, the plaintiff has an adequate remedy at law. The street railway company is, we think, a corporation authorized to receive toll, within the meaning of Pub. Sts. c. 105, §§ 30–35. In this respect, we cannot distinguish it from a railroad corporation. See Pub. Sts. c. 113, §§ 43 *et seq.; Simmons* v. *Worthington*, 170 Mass. 203. The remedy of the plaintiff is therefore by a levy of his execution upon the franchise of the company and upon the rights and privileges of the company thereunder, " so far as [they] relate to the receiving of toll," and upon " all other corporate property real and personal," and by a sale thereof pursuant to Pub. Sts. c. 105, §§ 31 *et seq.* After having levied the execu-

tion, if the plaintiff or the purchaser at the sale contends that there is nothing justly due from the company to Butler or to Benson, who have brought suits against the company and attached its property therein, the plaintiff or such purchaser can proceed under Pub. Sts. c. 161, §§ 110 *et seq.*, to try the validity of the attachments in those suits.

*Demurrer sustained, and bill dismissed.*